U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
09 AUG 12 A11 :53
JON W. SANFILIPPO
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOHN D. SEEFELDT,<br><br>Plaintiff,<br><br>v.<br><br>AKAL SECURITY INC.,<br>INTERNATIONAL UNION<br>SECURITY POLICE FIRE<br>PROFESSIONALS OF AMERICA (SPFPA);<br>and AMALGAMATED LOCAL 203,<br><br>Defendants. | Case No. 09 C 0710 |

### DEFENDANT AKAL SECURITY INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Akal Security Inc., ("Akal") for its Answer and Affirmative Defenses to the Complaint of Plaintiff John D. Seefelfdt, ("Plaintiff"), state as follows:

### NATURE OF CASE

#### PARAGRAPH NO. 1:

This is a hybrid case brought under Section 301 of the Labor/Management Relations Act, [29 USC § 185] ("LMRA"), against the defendants, AKAL Security Inc. ("AKAL"), for breach of its Collective Bargaining Agreement with Mr. Seefeldt by disciplining and discharging him; and, against International Union, Security Police Fire Professionals of America (SPFPA) and Amalgamated Local 203 (collectively "Union") for breach of its duty of fair representation to Mr. Seefeldt in the proceedings involving discipline and discharge of Mr. Seefeldt's employment.

#### ANSWER TO PARAGRAPH NO. 1:

Akal admits only that Plaintiff purports to bring various claims under the Labor Management Relations Act ("LMRA"), but denies that it violated any statute, law, or duty to Plaintiff and denies that such claim otherwise has merit and further denies any liability to

Plaintiff. Akal further denies that it entered into a collective bargaining agreement with Plaintiff and any remaining allegations of paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

### PARAGRAPH NO. 2:

Jurisdiction over Mr. Seefeldt's claims under § 301 of the LMRA, [29 USC § 185] is conferred on this Court by 29 USC § 185(a); (c)(2).

### ANSWER TO PARAGRAPH NO. 2:

The allegations of paragraph 2 state a legal conclusion to which no answer is required. Assuming an answer is required, Akal admits only that this Court has subject matter jurisdiction over a claim brought pursuant to §301 of the LMRA. Akal denies the remaining allegations of paragraph 2 of the Complaint.

### PARAGRAPH NO. 3:

The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 USC § 1391, in that defendants, AKAL and Union, reside within the Eastern District and the unlawful actions occurred in the Eastern District.

### ANSWER TO PARAGRAPH NO. 3:

The allegations of paragraph 3 state a legal conclusion to which no answer is required. Assuming an answer is required, Akal denies that it resides within the Eastern District of Wisconsin or the commission of any unlawful actions. Akal admits that venue is proper in the Eastern District, but denies the remaining allegations of paragraph 3 of the Complaint.

## CONDITIONS PRECEDENT

### PARAGRAPH NO. 4:

All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

**ANSWER TO PARAGRAPH NO. 4:**

The allegations of paragraph 4 state a legal conclusion to which no answer is required. Assuming an answer is required, Akal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint and therefore denies same.

## JURY DEMAND

**PARAGRAPH NO. 5:**

Mr. Seefeldt demands that his cause of action be tried to a jury of his peers.

**ANSWER TO PARAGRAPH NO. 5:**

The allegations of paragraph 5 state a jury demand to which no answer is required.

## PARTIES

**PARAGRAPH NO. 6:**

Plaintiff, John D. Seefeldt, is an adult citizen who resides at 136 South Main Street, Iron Ridge, WI 53035.

**ANSWER TO PARAGRAPH NO. 6:**

Upon information and belief, Akal admits the allegations of paragraph 6 of the Complaint.

**PARAGRAPH NO. 7:**

AKAL is, upon information and belief, organized under the laws of the State of New Mexico, and provides private security services to the public.

**ANSWER TO PARAGRAPH NO. 7:**

Akal admits the allegations of paragraph 7 of the Complaint.

3

## PARAGRAPH NO. 8:

AKAL is engaged in an industry affecting commerce, and has had significant and continuous business contacts throughout the State of Wisconsin.

## ANSWER TO PARAGRAPH NO. 8:

Akal admits only that it engaged in an industry affecting commerce and does business in the State of Wisconsin. Akal denies the remaining allegations of paragraph 8 of the Complaint.

## PARAGRAPH NO. 9:

AKAL has corporate offices located at 7 infinity Loop, Espanola, New Mexico 87532.

## ANSWER TO PARAGRAPH NO. 9:

Akal admits the allegations of paragraph 9 of the Complaint.

## PARAGRAPH NO. 10:

Defendant, Union, is upon information and belief, organized under the laws of the State of Michigan, and operates as a labor organization that represents employees, including Mr. Seefeldt.

## ANSWER TO PARAGRAPH NO. 10:

The allegations of paragraph 10 of the Complaint are not directed at Akal and, therefore, Akal is not required to answer these allegations.

## PARAGRAPH NO. 11:

Union has significant and continuous business contact throughout the State of Wisconsin.

## ANSWER TO PARAGRAPH NO. 11:

The allegations of paragraph 11 of the Complaint are not directed at Akal and, therefore, Akal is not required to answer these allegations.

**PARAGRAPH NO. 12**:

Union has corporate offices located at 25510 Kelly Road, Roseville, Michigan 48066.

**ANSWER TO PARAGRAPH NO. 12:**

The allegations of paragraph 12 of the Complaint are not directed at Akal and, therefore, Akal is not required to answer these allegations.

## OPERATIVE FACTS

**PARAGRAPH NO. 13**:

On or about July 1, 2004, Mr. Seefeldt commenced employment with AKAL as a Security Guard.

**ANSWER TO PARAGRAPH NO. 13:**

Akal admits the allegations of paragraph 13 of the Complaint.

**PARAGRAPH NO. 14**:

In or around October 2004, Mr. Seefeldt joined Union pursuant to its agreement to fairly represent Mr. Seefeldt in the event he had a dispute with his employer regarding the terms or conditions of his employment.

**ANSWER TO PARAGRAPH NO. 14:**

Akal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint and therefore denies same.

**PARAGRAPH NO. 15**:

On or about April 1, 2005, Union and AKAL entered a Collective Bargaining Agreement effective through September 30, 2007 and thereafter for successive periods of one (1) year, pursuant to which AKAL agreed that it would not discipline Union members without just cause.

### ANSWER TO PARAGRAPH NO. 15:

Akal admits it entered into a Collective Bargaining Agreement with the Union effective from April 1, 2005 to September 30, 2007 and thereafter for successive periods of one (1) year, unless either party, prior to the first day of October of that year serves a written notice on the other party of a desire to terminate the agreement. Akal also admits the Collective Bargaining Agreement provides no employee, after completion of his or her probationary period, shall be disciplined without just cause. Akal denies the remaining allegations of paragraph 15 of the Complaint.

### PARAGRAPH NO. 16:

In or around October 2007, Union and AKAL renewed their Agreement effective through September 31, 2011, pursuant to which AKAL agreed it would not discipline Union members without just cause.

### ANSWER TO PARAGRAPH NO. 16:

Akal admits it entered into a Collective Bargaining Agreement with the Union effective from October 1, 2008 to September 30, 2011 and thereafter for successive periods of one (1) year, unless either party, prior to the first day of October of that year serves a written notice on the other party of a desire to terminate the agreement. Akal also admits the Collective Bargaining Agreement provides no employee, after completion of his or her probationary period, shall be disciplined without just cause. Akal denies the remaining allegations of paragraph 16 of the Complaint.

### PARAGRAPH NO. 17:

On or about May 29, 2008, AKAL placed Mr. Seefeldt on administrative suspension without just cause.

6

### ANSWER TO PARAGRAPH NO. 17:

Akal admits that on or about May 27, 2008, it placed the Plaintiff on an administrative leave. Akal denies the remaining allegations of paragraph 17 of the Complaint.

### PARAGRAPH NO. 18:

On or about June 6, 2008, AKAL terminated Mr. Seefeldt's employment without just cause in violation of the Collective Bargaining Agreement.

### ANSWER TO PARAGRAPH NO. 18:

Akal admits that on or about June 6, 2008 it terminated the employment of Plaintiff. Akal denies the remaining allegations of paragraph 18 of the Complaint.

### PARAGRAPH NO. 19:

Union grieved AKAL's adverse actions against Mr. Seefeldt and the grievances were denied by AKAL on or about July 2, 2008.

### ANSWER TO PARAGRAPH NO. 19:

Akal admits a grievance was filed on or about June 12, 2008 requesting that Plaintiff be returned to work and that Akal denied the grievance. Akal denies the remaining allegations of paragraph 19 of the Complaint.

### PARAGRAPH NO. 20:

On or about January 30, 2009, Union informed Mr. Seefeldt in writing that it was rejecting his grievance for arbitration.

### ANSWER TO PARAGRAPH NO. 20:

The allegations of paragraph 20 of the Complaint are not directed at Akal and, therefore, Akal is not required to answer these allegations.

### PARAGRAPH NO. 21:

The Union arbitrarily or in bad faith, in violation of the Collective Bargaining Agreement and LMRA, conducted no investigation into AKAL's adverse actions.

7

### ANSWER TO PARAGRAPH NO. 21:

The allegations of paragraph 21 of the Complaint are not directed at Akal and, therefore, Akal is not required to answer these allegations.

### PARAGRAPH NO. 22:

Union had a duty pursuant to the Collective Bargaining Agreement to act as the exclusive bargaining agent for all employees, including Mr. Seefeldt, regarding employment status and all other conditions of employment with AKAL.

### ANSWER TO PARAGRAPH NO. 22:

The allegations of paragraph 22 of the Complaint are not directed at Akal and, therefore, Akal is not required to answer these allegations.

### PARAGRAPH NO. 23:

Union's refusal, in bad faith with the intention of depriving Mr. Seefeldt of his contractual rights, to take Mr. Seefeldt's grievances to arbitration, is a violation of the Collective Bargaining Agreement and LMRA.

### ANSWER TO PARAGRAPH NO. 23:

The allegations of paragraph 23 of the Complaint are not directed at Akal and, therefore, Akal is not required to answer these allegations.

### CLAIM FOR RELIEF
### LABOR/MANAGEMENT RELATIONS ACT

### PARAGRAPH NO. 24:

As and for a claim for relief, Mr. Seefeldt re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

### ANSWER TO PARAGRAPH NO. 24:

Akal incorporates by reference as if fully set forth herein, its answers and responses to the allegations of paragraphs 1 through 23 of the Complaint.

## PARAGRAPH NO. 25:

The allegations more particularly described above constituted breach of the Collective Bargaining Agreement by AKAL in violation of § 301 of the Labor/Management Relations Act, [29 USC 185].

## ANSWER TO PARAGRAPH NO. 25:

The allegations of paragraph 25 state a legal conclusion to which no answer is required. Assuming an answer is required, Akal denies the allegations of paragraph 25 of the Complaint.

## PARAGRAPH NO. 26:

The allegations more particularly described above constituted breach of the Union's duty of fair representation. The Union's actions were intended to deprive Mr. Seefeldt of his contractual rights, in violation of § 301 of the Labor/Management Relations Act, [29 USC 185].

## ANSWER TO PARAGRAPH NO. 26:

The allegations of paragraph 26 are not directed at Akal and, therefore, Akal is not required to answer these allegations.

## PARAGRAPH NO. 27:

The allegations more particularly described above caused Mr. Seefeldt to lose wages, benefits, and incur expenses, all to his damage.

## ANSWER TO PARAGRAPH NO. 27:

Akal denies the allegations of paragraph 27 of the Complaint.

To the extent that any allegation or paragraph remains unanswered, Akal denies same.

\*         \*         \*

## AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and other defenses to the Complaint, Akal avers as follows:

1. Plaintiff's claim for breach of contract against Akal is barred in whole or

part by the applicable statute of limitations.

2. Plaintiff's claim for breach of contract against Akal is preempted in whole or part by the National Labor Relations Act, 29 U.S.C. § 151, et. seq.

3. Plaintiff's complaint against Akal fails to state a claim upon which relief can be granted.

4. Akal's actions were undertaken in good faith and Akal did not act arbitrarily, capriciously, or unreasonably.

5. Plaintiff has failed to exhaust available administrative remedies.

6. Plaintiff has not satisfied all conditions precedent to bringing this action because he has not exhausted available internal processes for resolution of his claim against the Union before bring suit.

7. Plaintiff has failed to mitigate his damages.

8. Any alleged injury or damage claimed by Plaintiff was not proximately caused by any wrongful act or omission of Akal.

9. Akal reserves its right to amend its Answer to add any additional defenses that may become known during discovery.

Having answered each and every paragraph of the Complaint, Defendant Akal Security Inc. respectfully requests that this action be dismissed in its entirety and that all costs of the action, including reasonable attorneys' fees be cast upon the Plaintiff and that Akal be granted such other relief as the Court deems proper.

Dated: August 11, 2009　　　　　　　　　AKAL SECURITY INC.

By: _____
　　　　　　One of Its Attorneys

Dion Y. Kohler*
Gerard A. McInnis*
Jackson Lewis LLP
320 W. Ohio Street, Suite 500
Chicago, Illinois 60654
(312) 787-4949 (T)
(312) 787-4995 (F)

**\* Application for Admission Pending**

11

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on August 11, 2009 he caused a true and correct copy of the foregoing Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint to be served by U.S. Mail upon:

>Jennifer J. Allen
>Alan C. Olson
>Alan C. Olson & Associates, S.C.
>2880 S. Moorland Rd.
>New Berlin, WI 53151

*Gerard A. McInnis*
Gerard A. McInnis